## ARGUED AND DETERMINED

#### IN THE

# COURT OF COMMON PLEAS

#### FOR THE

## CITY AND COUNTY OF NEW YORK.

---

### DAVID E. WHEELER *v.* DANIEL WEBSTER.

The omission of the name of a drawee upon a bill which has been accepted, will not vitiate it. The acceptance supplies the defect, and is an admission, by the acceptor, that he was the person intended.

A party who has accepted a bill, and promised to pay it at maturity, cannot set up, as a defence, that the instrument does not contain the name of a drawee, and is not, therefore, a bill of exchange.

It is settled, that the simple writing of his name, by the drawee, across the face of a bill of exchange, is a sufficient acceptance, although not a literal compliance with the statute requiring the acceptance to be in writing, and signed by the party making it.

Such an acceptance is sufficient, though the bill be not addressed to any person as drawee.

To suspend the operation of the statute limiting the time within which suits must be brought, it is not sufficient to prove that the debtor, after the cause of action accrued, from time to time departed, and was repeatedly absent, from the state. He must be shown to have departed from, and *resided* out of the state, or to have been absent therefrom when the cause of action accrued.

A fact not judicially cognizable, may be known to the members of the court individually; but such knowledge will not dispense with the necessity of proof upon the record.

THIS was an action of assumpsit, brought against the defendant, as the acceptor of a bill of exchange, by the holder of an instrument in writing, of which the following is a copy:

." On the 1st of September next, without grace, pay to the order

Vol. I.  1

of Daniel F. Webster, twelve hundred and fifty dollars, at the Phenix Bank, New York, for value received.

"New York, May 19, 1839.

"DANIEL F. WEBSTER.

"$1,250.

"Endorsed,

"DANIEL F. WEBSTER."

Across the face of the instrument was written "Daniel Webster."

The defendant pleaded the general issue and the statute of limitations; to which the plaintiff replied, that the suit was brought within six years after the accruing of the cause of action, exclusive of the time of the defendant's absence from the state of New York. The defendant rejoined, denying and taking issue upon the plaintiff's replication.

After proving the signatures of Daniel F. Webster, and of the defendant, the plaintiff produced a witness, who testified, that during three years after the cause of action accrued, he saw the defendant in New York, occasionally; that he did not accompany the defendant out of the state, nor see him out of the state; that he heard the defendant speak of having been in England, but he did not specify when; witness knew, from what defendant said, it must have been since the bill was drawn; that he had an office with the defendant, who was absent from the state almost all the time; that he was in Boston and in Washington, as witness had no doubt, though he did not see him out of the state; that it was publicly known that he was in Europe, but how long he was absent there, witness could not tell. It was perfectly notorious that he was absent from the state most of the time, and here only occasionally.

The evidence of the general notoriety of the defendant's absence from the state was objected to, the objection overruled, and the defendant's counsel excepted.

There was no further testimony upon this branch of the case.

The jury, under the charge of the court, found a verdict for the plaintiff, for $1,782 91. The cause came to the general

term on a motion for a new trial upon a case made in accordance with the former practice of the court.

Among the points raised on the argument were these: Whether the instrument declared on, not being addressed to any particular person as drawee, was a bill of exchange or a promissory note; and whether the defendant, having merely written his name across such an instrument, was the acceptor of a bill or the endorser of a note.

It was also urged for the defendant, that an acceptance by a simple writing of the drawee's name across the face of the bill, could be held sufficient, if at all, only upon the ground that such signature is an adoption of the address upon the bill, which is thus made a part of the acceptance; and that such acceptance is not sufficient where the bill is drawn with a drawee's name omitted.

*L. R. Marsh* and *O. W. Sturtevant*, for defendant.

*David E. Wheeler*, plaintiff in person.

BY THE COURT. INGRAHAM, FIRST J.—That the acceptance of this draft is a compliance with the provisions of the statute, is settled by the case in 2 Hill, 582, which of course controls us in the examination and decision of the question. The supreme court have held that the mere signature is sufficient. It is not a literal compliance with the statute, which requires the acceptance to be in writing, and, in addition to that, requires the acceptance to be signed by the party making it.

I am of the opinion, that the omission of the name of the drawee at the foot of the bill, will not vitiate it. The acceptance may be considered as supplying the defect, and as being an admission by the acceptor, that he is the person intended. At any rate, it does not lie with him to make such defence, after having admitted, by the acceptance, that he was the person intended, and after having promised to pay the draft at maturity. He is estopped, by his own act, from such a defence.

But I think the evidence in regard to the statute of limitations was entirely insufficient to bring the case within the exception of the statute. Independently of the question as to the sufficiency of general repute to prove absence, the testimony did not show what the statute requires to suspend its operation.

There are two exceptions to the operation of this statute: 1. Where the debtor is *absent* from the state when the cause of action accrued. 2. Where the debtor, after the cause of action has accrued, shall *depart* and *reside* out of the state. From the pleadings, it appears that the first exception was not relied on. In order to bring the case within the second, it was necessary to prove that the debtor departed from the state, and also that he *resided out* of the state. The evidence did not show this. For aught that is in proof before us, the absence may have been merely temporary; excursions for pleasure or business, with a return to this state as the residence of the debtor. It is true, that the fact may be known to us individually, that the defendant is a resident of another state; but that knowledge is of no avail in disposing of these questions. The plaintiff should have proven that the defendant was a resident of some other place than the state of New York, or should have shown a residence for some time elsewhere. The witnesses were not even asked as to the residence of the defendant at any period, but simply proved a repeated absence from time to time from the state. I think this is not enough to sustain the replication, and that the judge erred in charging that the plaintiff was entitled to recover.

A new trial must therefore be ordered.